IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 4:21-CR-00201-SDJ-KPJ |
| CHAD ALLAN TITUS (1) | § § | |

# REPORT AND RECOMMENDATION
# ON REVOCATION OF SUPERVISED RELEASE

On June 20, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offense of Failure to Register, a Class C felony, Defendant Chad Allan Titus was sentenced on November 22, 2022 by United States District Judge Richard A. Schell. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of III, was imprisonment for 10 to 16 months. Defendant was sentenced to imprisonment for 16 months, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no alcohol, substance abuse treatment and testing, mental health treatment, sex offender treatment, polygraph testing, psycho-physiological

testing, no possession or viewing of sexually explicit material, and submission to search of person and property.

Defendant completed his term of imprisonment and started his term of supervised release on January 24, 2023. The Court revoked Defendant's supervised release on July 10, 2023, and sentenced him to imprisonment for 8 months, followed by a 5-year term of supervised release. The Court modified Defendant's conditions on September 5, 2023, to add special conditions including a 180-day residential reentry program, no contact with minors, no patronizing business establishments deriving more than 50% of revenue from alcohol sales and providing an inventory of devices and accounts. Defendant completed his term of imprisonment and started his term of supervised release on October 26, 2023.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 13, 2024, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 4): The defendant must answer truthfully the questions asked by the probation officer.** It is alleged that Defendant admitted to the sex offender treatment provider on March 28, 2024 that he had viewed pornography on March 26, 2024. The defendant was asked by the U.S. Probation Officer on April 12, 2024 whether he had viewed any pornography and he denied viewing pornography. It is alleged that Defendant failed to be truthful to the U.S. Probation Officer by not reporting viewing pornography on March 26, 2024.

2. **Allegation 2 (special condition): The defendant must participate in a sex offender treatment program and must abide by all rules and regulations of the treatment program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any costs associated with treatment and testing. If the defendant does not pay as directed, he must perform 3 hours of community service for each unpaid session.** It is alleged that Defendant was unsuccessfully discharged from the sex offender treatment program on May 2, 2024 for failing to comply with treatment rules and progress in the program.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 5 to 11 months.

*Hearing*

On June 20, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request an imprisonment term of 8 months to be followed by a 4-year term of supervised release, with a special condition to serve the first 180 days in a halfway house. After the Court explained to

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for 8 months to be followed by a 4-year term of supervised release, with a special condition to serve the first 180 days in a halfway house. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for 8 months to be followed by a 4-year term of supervised release with a special condition to serve the first 180 days in a halfway house. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights

and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for 8 months to be followed by a 4-year term of supervised release with a special condition to serve the first 180 days in a halfway house.

So ORDERED and SIGNED this 20th day of June, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE